**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF               :

PRD, LP, an Illinois Limited     :      CASE NO. 06-00679(SEK)
Partnership

     DEBTOR                   :      CHAPTER 11

-----------------------------------

**FILED & ENTERED**

**2 3 OCT 2007**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**OPINION AND ORDER**



The Law Offices of Vincent Vigil, P.C. ("Vigil") filed an application for approval of fees for professional services rendered to this estate in bankruptcy. Two creditors objected, and the parties agreed to submit the matter based on documents of record. For reasons that follow we grant some of the objections.

### BACKGROUND

Debtor sued Franklin Delano López ("López") in Circuit Court of Cook County, Illinois, for breach of contract and fiduciary duties, and libel. It obtained a judgment by default for $7,743,206.16. Debtor then filed a writ of *exequatur* in the Superior Court of the Commonwealth of Puerto Rico to enforce the judgment against López' assets. The Superior Court of Puerto Rico denied the writ, refusing to enforce the judgment as the Circuit Court in Cook County did not acquire jurisdiction over López, due to inconsistencies in documents evidencing summons and service of process.

PRD this voluntary petition for bankruptcy under Chapter 11

in Chicago, Illinois. The bankruptcy court in Chicago appointed Vigil as special counsel for the Debtor in possession,

> in order to reaffirm the Circuit Court of Cook County's fining [sic] that Lopez was properly served in that litigation, that the Circuit Court had jurisdiction over Lopez and that the Judgment Order obtained and any other orders entered by the Illinois Court are valid, binding orders of the Court; with further compensation to be pursuant to Order of this Court.

Vigil first asked the Cook County Court to reaffirm it had acquired personal jurisdiction over López by validating the service already effectuated. That Court denied the request, stating it granted full faith and credit to the ruling entered by the Court in Puerto Rico. Vigil next filed a motion to reconsider this order, and also obtained and served new summons.

López reacted by removing the suit to the U.S. District Court for the Northern District of Illinois, Eastern Division. Vigil opposed the removal, and the suit was remanded to the State Court.



### SUMMARY OF THE DISPUTE

Vigil now seeks payment for his professional services rendered while he acted as special counsel for the debtor in possession and the estate, of $41,341.50, for 123.5 billed at $330.00 per hour. The application also includes 6.9 hours at $85.00 per hour billed by the paralegal and $2,880 for expenses.

The Russo Group and López object 78.6 hours Vigil billed for his work concerning the reaffirmation equaling $24,000, and 28.9

hours billed for services related the motion for reconsideration amounting to $9,500. They also request we disallow Vigil's expenses for his trip to Puerto Rico.

These creditors advance the following reasons for their objections. First, they argue Vigil's fees are excessive and disproportionate to any benefit derived by the estate from his participation in the Illinois suit. Next, they claim Vigil did not meet his burden of establishing the reasonableness of his fees with respect to the motion to reaffirm or the motion for reconsideration. Thus, the opposition advocates Vigil's fees ascribed to the reaffirmation should be cut in half, as one could predict the Illinois court would adopt the detailed opinion entered by the Court in Puerto Rico. The opposition also avers we should not award any fees for Vigil's professional services related to the motion for reconsideration. They point out it is unreasonable for counsel of an insolvent estate to file such a motion, which only resulted in further litigation: its removal to a federal court and a subsequent remand.



As to the $2,880.00 of expenses claimed by Vigil, the opposition claims these must be reduced by $805.20, as he should not be able to claim travel expenses for participating in a mediation hearing held in Puerto Rico when he was not acting as special counsel for the debtor in possession and the estate.

Vigil answers the objections arguing the Illinois suit

3

provided leverage that persuaded López to mediate and eventually settle, two very costly and protracted adversary proceedings and one objection to López proof of claim, paving the way for confirmation of the liquidating plan and distribution to creditors.  But for the Illinois suit and its ramifications, Virgil argues, López would not have welcomed or participated in the mediation. The motion for reconsideration was supported by applicable State law.

Vigil withdrew the $37.00 parking expense, but insisted on payment of his other travel expenses.  Virgil claims he traveled to Puerto Rico to comply with the Mediator's order requiring the estate to participate through its representative.  As such he participated in formulating the pre mediation strategy, and also in the mediation process itself.

The Russo Group and López insist the issue here is whether the amount of fees and expenses requested by Vigil outweighs any benefit its services afforded to the estate.  Since Vigil is a director of Debtor, higher level of scrutiny is required.  After the filing of the petition Vigil's duty of care as an officer or director shifts toward creditors. Vigil breached his fiduciary duty by seeking fees and expenses well in excess of the benefit conferred upon the estate.  The tactic of prosecuting multiple suits against López in various venues to pressure López should not be rewarded at the expense of creditors.  The settlement with



4

López was the result of the effort of many parties, other than Vigil.  Vigil cites no authority that would allow him to recuperate expenses not related to the litigation for which he was retained.

### DISCUSSION

Section 330(a)(1) states:

After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326,328,and 329,the court may award to ... a professional person employed under section 327 or 1103
  (A) reasonable compensation for actual, necessary services rendered by ... professional person, or attorney and by any paraprofessional person employed by any such person; and
  (B) reimbursement for actual, necessary expenses.
11 U.S.C. § 330

"The court may, on its own motion, or on the motion of ... any other party in interest, award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2).  The court shall not allow compensation for unnecessary duplication of services, or for services that were not reasonably likely to benefit the debtor's estate, or necessary to the administration of the case.  11 U.S.C. § 330 (a)(4)(A).  "The burden of proving the value of the services for which compensation is sought is on the applicant." *In re Cumberland Farms, Inc.*, 154 B.R. 9,11 (Bankr. Mass. 1993); *In re I Don't Trust,* 143 F.3rd 1,4(1st Cir. 1998).

Section 330 (a)(3) states:

In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature,



the extent, and the value of such services, taking into account all relevant factors, including-

(A) the time spent on such services;

(B) the rates charged for such services;

© whether the services were necessary to the administration of, or beneficial *at the time at which the service was rendered* toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(4) (emphasis supplied).

Section 330 allows compensation for work which, at the time it was rendered seemed reasonably likely to benefit debtor's estate.  "The performance of debtor's counsel must always be judged after the fact.  Nevertheless, the Court must judge the nature of the services and the necessity for them as of the time the work was performed.  The test for rendering such a decision is whether counsel exercised their best judgment in performing the services." *In re James Contracting Group, Inc.* 120 B.R. 868, 873 (Bankr. N.D. Ohio 1990); *In re New Boston Coke*, 299 B.R. 432 (Bankr. E.D. Mich. 2003).



We begin by emphasizing the bankruptcy court limited Vigil's services to those needed "to reaffirm the Circuit Court of Cook County's fining [sic] that Lopez was properly served in that litigation." Hence, Vigil's expenses for his trip to Puerto Rico

6

to represent the debtor and the estate in mediation that did not involve the suit for which he was retained, are denied.

The record shows the Court of the Commonwealth of Puerto Rico denied the writ of *exequatur* without making factual findings or conclusions of law. These were later entered at the request of Debtor's local counsel. The findings show that Court denied the writ because it was convinced the Circuit Court of Cook County had not obtained *in personam* jurisdiction over López. It reached this conclusion after examining the summons and service of process effectuated. The Circuit Court of Cook County had the opportunity to review the matter when confronted with Vigil's motion to reaffirm. It chose to give full faith and credit to the Commonwealth Court's ruling. We agree with the objecting creditors that the issue did not involve an obscure or difficult point of law. Hence, Vigil's billed excessive and an unreasonable amount for this matter. Therefore, we approve 36 hours of Vigil's time for these services, reducing his bill by $11,880.[1]

We also agree, that once that Court denied the reaffirmation, it probably would not reconsider its ruling. Indeed, we think Vigil as an experienced litigant, was aware of

---

[1] According to our review, Vigil charged 72 hours at $330.00 for these services. His paralegal charged 4.8 hours at $85.00 per hour. We do not reduce the paralegal hours as we find these are reasonable.

his slim likelihood of success.  He even went on to procure the issuance and service of new summons. Thus, we disallow Vigil's bill for these services amounting to 23.3 of billable hours and 3.8 hours for the paralegal.  We find that obtaining and serving new summons was certainly appropriate under the circumstances, and approve 2.8 hours of Vigil's billable hours for this endeavor and 3.8 hours for paralegal services related to this same work.

We agree that a default judgment of $7,000,000, even if it is challenged on jurisdictional grounds, certainly encouraged López to mediate and enter into a settlement. It is undeniable that López faced expensive and protracted litigation from a debtor that appeared to have deeper pockets than his own.  The degree to which this pending suit alone influenced López to attend the mediation and eventually settle is difficult for us to ascertain. The record shows this was not the only litigation López was facing. There was one adversary proceedings filed here involving a cause of action unrelated to enforcement and collection of the Circuit Court's default judgment.[2]  Debtor also objected to López' claim seeking that it be disallowed and expunged from the record. Debtor was represented by other counsel in both these litigations. Hence, the picture that we mean to



---

[2] Debtor sued López claiming, *inter alia*, he tortuously interfered with the sale of the only asset of the estate.  Debtor sought to recoup the $150,000 the buyer paid López so that he would not oppose the sale, which the Buyer deducted from the sales price delivered to the debtor.

8

convey is one where López was defending himself from litigation prosecuted by the Debtor on three fronts, and only one of these fronts was handled by Vigil. Certainly all three litigious matters factored into López' decision to mediate and settle.

We have not deducted any hours for services rendered by Vigil and his paralegal involving the removal and remand of the suit concerning the $7,000,000 default judgment. We think Vigil acted prudently and reasonably in procuring and serving new summons upon López. We also think he had no control over López' actions removing the matter to the Federal Courts. His involvement in the remand was justified and reasonable under the circumstances.

WHEREFORE, we reduce Vigil's application to $19,892, for services rendered and his expenses to $2,037.80 which shall be paid in accordance with the confirmed plan.

**SO ORDERED**, in San Juan, Puerto Rico, on October 19, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge